**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-

STEPHEN RYDER SHORT, on behalf of
himself and all other plaintiffs similarly
situated, known and unknown

      Plaintiff,

v.

A.M. WOODLAND OUTDOOR DESIGN,
LLC, a Colorado limited liability company,
A.M. LANDSCAPE & DESIGN, LLC, an
Illinois limited liability company, AM
LANDSCAPE ROCKY MOUNTAIN, LLC,
a Colorado limited liability company, and
DANIEL C. MIGACZ individually

      Defendants.

*JURY DEMAND*

---

## COMPLAINT
---

    NOW COMES Plaintiff, **STEPHEN RYDER SHORT,** ("Plaintiff"), on behalf of himself and

all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel

D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, A.M. WOODLAND

OUTDOOR DESIGN, LLC, A.M. LANDSCAPE & DESIGN, LLC, AM LANDSCAPE ROCKY

MOUNTAIN, LLC, and DANIEL C. MIGACZ (collectively, the "Defendants" or "AML")[1], states

as follows:

---

[1] Upon information and belief, AML also operates through multiple, informal "doing business as" designations, including Tovar Snow Removal and Timberstone Contracting Group.

## I.     <u>NATURE OF ACTION</u>

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq* ("COMPS") and the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*.

## II.     <u>JURISDICTION AND VENUE</u>

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Colorado statutory claims, pursuant to 28 U.S.C. §1367.

3.    Venue lies in the District of Colorado in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III.     <u>THE PARTIES</u>

4.    Defendant, A.M. WOODLAND OUTDOOR DESIGN, LLC ("AM Woodland") is a Colorado limited liability company that owns and operates a landscaping, construction and snow removal business in Colorado, Illinois and other states.

5.    AM Woodland's primary business address is 2947 S. Fox Street in Englewood, Colorado.

6.    AM Woodland also conducted business and performed the same business in Colorado under the related entity AM Landscape Rocky Mountain, LLC.

7.    AM Woodland  is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

8.    AM Woodland ordered, used and handled goods and materials and other products which moved in interstate commerce prior to being used or purchased in Colorado.

9.    During all relevant times, AM Woodland was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

10.    Defendant, A.M. LANDSCAPE & DESIGN, LLC ("AMLD") is an Illinois limited liability company that owns and operates a landscaping, construction and snow removal business in Colorado, Illinois and other states.

11.    AMLD's  operates at two addresses. AMLD operates at 28433 N. Fremont Center Rd., Mundelein, Illinois and 2947 S. Fox Street in Englewood, Colorado.

12.    AMLD also conducted business and performed the same business in Colorado under the related entity AM Landscape Rocky Mountain, LLC.

13.    AMLD  is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

14.    AMLD ordered, used and handled goods and materials and other products which moved in interstate commerce prior to being used or purchased in Colorado.

15.    During all relevant times, AMLD was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

16.     Defendant, AM LANDSCAPE ROCKY MOUNTAIN, LLC (AML RM) is a Colorado limited liability company that owns and operates a landscaping, construction and snow removal business. AML RM is a related entity to both AM Woodland and AMLD.

17.     AML RM's primary business address is 2947 S Fox Street in Englewood, Colorado.

18.     AML RM  is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

19.     AML RM ordered, used and handled goods and materials and other products which moved in interstate commerce prior to being used or purchased in Colorado.

20.     During all relevant times, AML RM was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

21.     AM Woodland, AMLD and AML RM (together the "Corporate Defendants"), through their director(s) and executive-level managers, oversaw all operations of their business, including business strategy and daily operations, and were responsible for assigning tasks, creating and distributing schedules, staff supervision, wage policies and otherwise oversaw all aspects of the Corporate Defendants' business operations and interactions with employees and customers.

22.     Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to the Corporate Defendants and in turn, the Corporate Defendants responded to those communications with the authority described herein.

23.     Defendant DANIEL C. MIGACZ (hereinafter referred to individually as "Migacz", together with the Corporate Defendants, "AML") is the Owner and President of the Corporate Defendants.

24.     Migacz oversaw all operations of the Corporate Defendants, including business strategy and daily operations, staffing, compliance, budgeting, and was responsible for related executive functions. Migacz was also responsible for assigning tasks, creating and distributing schedules, staff supervision, and oversaw all aspects of AML's business operations and customer and employee interactions.

25.     In his capacity as President and Owner of the Corporate Defendants, Migacz was vested with the authority to carry out the wage and hour policies of AML.

26.     Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Migacz and Migacz in turn responded to those communications with the authority described herein.

27.     Thus, at all times relevant hereto Migacz was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

28.     Plaintiff STEPHEN RYDER SHORT, is a former employee of Defendants. Plaintiff was employed by AML as a Landscape Production Manager ("LPM").

29.     Plaintiff worked for AML from approximately August 2022 to April 2023.

30.     While working for AML as an LPM, Plaintiff was paid a set weekly salary.

31.     Plaintiff was paid via salary, which served as compensation for all hours worked each week, including those over 40 in individual work weeks.

32.     At times, Plaintiff received some additional pay on top of his weekly salary for snow removal work, which was paid to him as a separate line item amount.

33.     As a salaried employee, Plaintiff did not receive overtime premiums of one and one-half times his regular rate of pay for hours worked over 40 in individual work weeks.

34.     As an LPM, Plaintiff did not exercise independent discretion or judgment on matters of significance, manage two (2) or more full time employees, direct AML's overall strategic business operations or perform primarily non-manual office duties.

35.     During Plaintiff's employment with AML, Plaintiff spent almost all of his working time performing non-exempt manual landscaping and construction work at AML's client work sites. Plaintiff's performing duties, which involved almost exclusively manual labor, did not require exercise of independent discretion and judgment.

36.     Plaintiff participated and engaged in essential manual job duties and tasks on a daily basis that directly related and contributed to AML's primary business of providing landscaping and construction services to customers. These tasks performed by Plaintiff:

a)     were not primarily office or non-manual;

b)     were not directly related to management or general business operations;

c)     did not include the primary duty of discretion and independent judgment on matters of significance, and;

d)     required Plaintiff to work in excess of 40 hours per week without receiving time and one-half compensation for those hours in excess of 40 in a workweek.

37.     As such, Plaintiff was at all times misclassified as a salary-exempt employee. AML should have at all times compensated Plaintiff as an hourly employee entitled to overtime

premiums for hours worked over 40 in individual work weeks.

38.    AML also failed to incorporate additional, earned non-discretionary bonuses ("Snow Pay") into the calculation of Plaintiff's regular and overtime rate of pay, resulting in further non-payment of overtime pay

39.    Throughout all times pertinent to Plaintiff's claims herein, AML applied a common policy as to Plaintiff and other employees at their Colorado location, in that AML failed to compensate employees all earned overtime wages by a) not compensating employees for all overtime hours actually worked, b) not compensating employees at the proper overtime rate, or c) implementing allegedly improper salary exemption(s) which resulted in non-payment of overtime wages.

40.    Additionally, throughout all times pertinent to Plaintiff's claims herein, AML applied common policies, developed by AML's owners and managers, that were embedded in its management policies and procedures relative to Plaintiff and other employees.

41.    As a result of the common policies described above, Plaintiff and members of the Plaintiff Class were improperly denied overtime pay for work in excess of 40 hours in a work week.

42.    Common questions of law exist among the claims of Plaintiff and members of the Plaintiff Class in that each claims rests upon a challenge of AML's claimed pay practices, exception(s) or exemption(s) to federal and state wage laws.

43.    All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly or salaried employees either a) did not receive overtime premiums for all hours worked over 40 in individual

work weeks, b) did not receive the required overtime rate, or c) were paid on a salary basis and did not receive overtime premiums for hours worked in excess of 40 in a workweek as described herein.

44.     As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.     STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

45.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq*., to recover unpaid overtime wages and additional damages. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Colorado Overtime and Minimum Pay Standards Order, #38

46.     Pursuant to the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

**Colorado Wage Act**

47.     Pursuant to the Colorado Wage Act, §8-4-101, *et seq.*, C.R.S., Count V of this action is Plaintiff to recover earned, vested and determinable unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CWA are proper for certification under Federal Rule of Civil Procedure 23.

**V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

48.     Plaintiff, at all times pertinent to the cause of action, was employed by AML.

49.     Plaintiff's employment as LPM was integral and indispensable to AML's business, as without the manual construction and landscaping work performed by Plaintiff, AML would be unable to run their business properly or competently.

50.     Plaintiff was hired by AML in approximately August 2022 and separated in April 2023.

51.     As an LPM, Plaintiff performed manual duties related to AML's landscaping and construction business.

52.     As an LPM, Plaintiff was classified a salary-exempt employee.

53.     As an exempt LPM, Plaintiff was paid approximately $1,250 per week. Eventually, Plaintiff received a raise to $1,307 per week.

54.     At times during the winter snow removal season, Plaintiff received additional pay for snow removal duties. These payments were reflected as a separate line item on Plaintiff's pay stubs as "Snow Pay".

55.     Plaintiff did not clock in and out at the beginning and end of each shift, as he was not required to do so by AML. AML did not have Plaintiff clock in and out because of the purported salary exemption claimed by AML.

56.     As a LPM , Plaintiff typically worked 50 to 60 hours per week. During peak landscaping and snow removal seasons, Plaintiff worked more than 60 hours per week.

57.     Plaintiff's job duties as LPM included almost exclusively manual construction and landscaping work, including digging trenches, moving landscaping materials (trees, plants, stones/rocks, etc.).

58.     Plaintiff almost always worked alongside AML's other hourly employees (manual laborers) and performed the same duties as these other hourly, non-exempt employee laborers.

59.     Plaintiff's day-to-day job duties, assignments and work hours were the same or substantially the same as AML's other hourly, non-exempt employee laborers.

60.     Plaintiff had no input or responsibilities related to ordering material, hiring/firing staff, scheduling staff, etc. Each of these functions were all handled by Migacz or management employees in Illinois and Colorado.

61.     As LPM, Plaintiff was unable to, and did not, provide significant input on personnel decisions, including hiring, firing, discipline and compensation related to other employees based on their performance or any other factor.

62.     All discipline and other personnel decisions related to other employees were handled by Migacz or other management employees.

63.     Further, as LPM, Plaintiff had no input and made no contributions to performance evaluations of LPMs or any other employees. Those functions were handled by Migacz or other management employees.

64.     As LPM, Plaintiff did not directly manage any other employees.

65.     During Plaintiff's employment with AML as an LPM, Plaintiff was at all times compensated on a salary basis that paid him for all hours worked. As such, Plaintiff did not receive overtime premiums of one and one-half his hourly rate of pay for hours worked over 40 while he was employed as LPM.

66.     Over the course of Plaintiff's entire employment with AML, he did not receive overtime premiums.

67.     While Plaintiff worked as a salaried employee, his day-to-day job duties were:

        a)      not primarily office or non-manual;

        b)      not directly related to management or general business operations;

        c)      did not include the primary duty of discretion and independent judgment on matters of significance, and;

        d)      required Plaintiff to work in excess of 40 hours per week without receiving time and one-half compensation for those hours in excess of 40 in individual workweeks.

68.     As a result, Plaintiff was at times misclassified by AML as a salary-exempt employee.

69.     At all times during Plaintiff's employment, he should have been classified as a non-exempt hourly employee and paid overtime premiums for all hours worked over 40 in individual work weeks.

70.     ALM failed to include non-discretionary bonuses ("Snow Pay") earned by Plaintiff in the calculation of his regular rate and the corresponding overtime rate as required by C.F.R. §778.117, 208.

71.     Plaintiff and members of the Plaintiff Class worked or work in excess of forty (40) hours in a workweek without pay for hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

72.     AML has, both in the past and presently, willfully employed Plaintiff and members of the Plaintiff Class without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek.

73.     The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of AML, in that AML recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent AML lacks the records required by 29 CFR Part 516, Plaintiff and members of the Plaintiff Class will be capable of providing reasonable estimates of that time, as permitted by law.

74.     The non-compliant practices as alleged herein are common to Plaintiff and all other employees.

75.     During his entire employment with AML, Plaintiff, and members of the Plaintiff Class, were paid every other week. Plaintiff, and members of the Plaintiff Class, were denied overtime pay the practices alleged herein.

76.     Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

77.     Plaintiff and members of the Plaintiff Class were not exempt from the overtime provisions of the FLSA or COMPS. Likewise, Plaintiff and members of the Plaintiff Class were entitled to the wage protections afforded by the CWA, which applies to timely payment of earned overtime wages. As such, Plaintiff and similarly situated employees were and are entitled to overtime premiums of time and one-half their hourly rates of pay for hours worked over 40 in individual work weeks.

78.     The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by AML and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-78.    Paragraphs 1 through 78 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 78 of this Count I.

79.     Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

80.     Defendants were each an "employer" pursuant to 29 U.S.C. §203(d).

81.    Plaintiff, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

82.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

83.    Defendants have at all times relevant hereto failed and refused to pay compensation to their workers/employees, including the Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)    Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

(d)    such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-83.    Paragraphs 1 through 83 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 83 of Count II.

84.    AML's actions as complained above were done with AML's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

85.    Through legal counsel as well as industry experience and custom, and the extraordinary resources available to AML, AML possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

86.    Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of

Defendants' violation of the Fair Labor Standards Act; and

      (d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-86.    Paragraphs 1 through 86 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 86 of Count III.

87.    In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

88.    Through legal counsel as well as industry experience and custom, and the extraordinary resources available to AML, AML possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

89.    Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

      (a)     liquidated damages equal to the amount of all unpaid compensation;

      (b)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

      (c)     such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO OVERTIME
### AND MINIMUM PAY STANDARDS ORDER, #38

1-89.    Paragraphs 1 through 89 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 89 of this Count IV.

90.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq.*

91.    Plaintiff, and members of the Plaintiff Class, were each an "employee" under COMPS 7 CCR 1103-1.5(A) and were not exempt from the minimum or overtime wage provisions of COMPS 7 CCR 1103-3.1, 4.1.

92.    Defendants were each an "employer" as defined by COMPS 7 CCR 1103-1.6(A).

93.    Under COMPS 7 CCR 1103-4.1, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

94.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of COMPS 7 CCR 1103-4.1.

95.    COMPS 7 CCR 1103-8.1(A) provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid balance of the full amount of overtime wages due and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Colorado Overtime and Minimum Payment Standards Order, #38; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO WAGE ACT

1-95.    Paragraphs 1 through 95 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 95 of this Count V.

96.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Colorado Wage Act, C.R.S. §8-4-101, *et seq.*

97.     The CWA defines wages as "[a]ll amounts for labor or service performed by employees", regardless of whether "the amount is fixed or ascertained by the standard of time". Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable". CWA, C.R.S. §8-4-101(14(a)(I)-(III).

98.     Plaintiff, and members of the Plaintiff Class, were each an "employee" under CWA, C.R.S. §8-104-101(5) and were not exempt from the CWA's protections.

99.    Defendants were each an "employer" as defined by CWA, C.R.S. §8-104-101(6) and were not exempt from compliance with the CWA.

100.    Pursuant to CWA, C.R.S. §8-4-101(14)(a)(II)-(III), Plaintiff and members of the Plaintiff Class, who were misclassified as exempt employees, worked hours in excess of 40 in individual work weeks which required pay at time and on-half their regular hourly rates of pay.

101.    Once Plaintiff and members of the Plaintiff Class worked hours over 40 in individual work weeks, they earned overtime compensation, although it was not paid. As such, the overtime premiums for which Plaintiff and members of the Plaintiff Class were not paid were and are "wages" as defined by the CWA, and therefore subject to the requirements of the CWA.

102.    Plaintiff and members of the Plaintiff Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks.

103.    Pursuant to CWA, C.R.S. §8-4-109(3)(b), if an employer fails to pay an employee their earned, vested and determinable wages as set forth by the CWA within fourteen (14) days of service of a written demand, the employee is entitled to a penalty of a) 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due.

104.    Plaintiff's Complaint herein serves as a valid written demand under the CWA, C.R.S. §8-4-101(15) and -109(3)(a) for unpaid overtime wages on behalf of himself and members of the Plaintiff Class .

105.    Should AML fail to tender the demanded compensation in the amounts due to Plaintiff and members of the Plaintiff Class pursuant to the CWA within fourteen (14) days,

Plaintiff and members of the Plaintiff Class will be entitled to recover penalties described by to CWA, C.R.S. §8-4-109(3)(b) and (c).

106.    Pursuant to CWA, C.R.S. §8-4-109(3)(c), if the employee can prove that the employer's failure to pay wages due under the Act, each of the penalties set forth under CWA, C.R.S. §8-4-109(3)(b) shall increase by 50%.

107.    AML's failure and refusal to pay earned overtime wages, as demanded in writing herein within the fourteen (14) day period described by the CWA, C.R.S. §8-4-109(3)(a.5), was willful and in bad faith.

108.    Plaintiff and members of the Plaintiff Class are owed all earned, unpaid overtime wages and statutory penalties, including increased penalties for willful violations of the CWA.

109.    Per CWA, C.R.S. §8-4-110, Plaintiff and members of the Plaintiff Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    unpaid, earned and vested overtime wages;

(b)    statutory penalties of 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due;

(c)    additional statutory penalties of 50% on top of the penalties prescribed by CWA, §8-4-109(3)(b) for AML's willful violation of the CWA;

(d)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of

Defendants' violations of the Colorado Wage Act; and

(f)    such additional relief the Court deems appropriate under the circumstances.


Respectfully submitted,

***Electronically Filed 06/09/2023***

<u>/s/ Samuel D. Engelson</u>
Samuel D. Engelson
Colorado Bar No: 57295

John William Billhorn
Attorneys for Plaintiff, and those similarly
situated, known and unknown

BILLHORN LAW FIRM
7900 E. Union Ave., Suite 1100
Denver, Colorado 80237
(720)-386-9006
53 W. Jackson Blvd., Suite 1137
Chicago, Illinois 60604
(312)-853-1450